STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. NICK
BRUNO AND FRANK BRUNO, PLAINTIFFS IN ERROR.

Submitted November term, 1923—Decided March 27, 1924.

### Crimes—Larceny—Twenty-six Reasons for Reversal Considered and Judgment Affirmed.

In error.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN
and BLACK.

For the plaintiffs in error, *Albert S. Woodruff*.

For the defendant in error, *Joseph J. Summerill, Jr.*,
prosecutor of the pleas.

PER CURIAM.

The defendants in this case were indicted, tried and con-
victed for the larceny of shirts and shirt materials. The
goods were in the Westville Shirt Factory. The stealing is
alleged to have taken place on March 3d, 1923, the goods
stolen being the property of one L. Laveson. There are
twenty-six reasons for a reversal filed by the plaintiffs in
error.

The points argued in the brief of the plaintiffs in error
are these—first, because the court refused to quash or *nolle
pros* the indictments which had obviously been altered as to
a material part; failed and refused to permit defendants an
inspection of the minutes of the grand jury. There is no
legal merit in this point. The indictment on its face is pre-
sumed to be legal. There is no practice or law in New Jer-
sey that would permit an inspection of the minutes of the
grand jury by the trial judge on such a motion.

Two and ten.—Permitting Samuel Laveson to use a copy
of an original record of an $8,000 order in giving his testi-

mony. This copy was made by one of the bookkeepers in the office in his presence. This is without legal merit, if not competent. It was harmless.

Number ten refers to the charge of the court, in reference to the identification of the goods by Laveson. The point seems to be that the defendants could not be convicted on the testimony of Laveson, even if the jury was satisfied that he had identified the goods. This is without legal merit, Besides, there is no exception to this portion of the court's charge.

Three.—Because the court permitted a witness, Arthur L. Dryfoos, to identify manufactured shirt as part of the goods alleged to have been stolen and later recovered. This also is without any legal merit.

Four.—Because the court refused to strike out the testimony of a witness, Max Barrer, relating to an identification of goods recovered. This also is without any legal merit.

Five.—Because the court refused to quash the indictment against the defendants, and refused to direct a verdict of acquittal in favor of the defendants at the close of the state's case. This was not error.

Six.—Refusing to permit the witness Max Barrer to answer this question: "Q. Now, what did he say to you in the presence of Frank Bruno?"

Seven.—Refusing to permit the defendant Frank Bruno to answer the following question: "Q. Now, in Mr. Barrer's presence and in the presence of this other person, what was said that you heard?" This refers to a conversation with a third person. It was clearly immaterial and therefore not error. The prosecutor in his brief argues that it was subsequently brought into the case by Barrer's testimony at page 223 *et seq.,* and by Bruno's testimony at page 259 of the record. If so, the defendant had the benefit of the rejected testimony for what it was worth.

Eight.—Because the court permitted the witness Max Barrer to be recalled and examined for the third time by the prosecutor. This was not error. It was within the discretion of the trial court.

Nine.—Because the trial court at the conclusion of the case, refused to direct a verdict in favor of the defendants. The defendants then requested the court to charge the jury directing an acquittal. These requests were numbered eleven and twelve. The refusal of the court to charge them forms the basis of reasons number twenty and twenty-one. This was not error.

Ten is disposed of with number two.

Eleven is comment upon the testimony by the trial court. This was proper. It was not error. *State* v. *Randall*, 95 *N. J. L.* 452. The trial court charged the jury: "You are to decide upon the facts yourself; you are the judges of the facts in the case."

Twelve and thirteen.—Refusal to charge request numbers three and four in reference to reasonable doubt. The court did charge: "You are instructed by the court that these defendants are presumed by the law to be innocent until they are proven guilty. The burden of proof is upon the state throughout the trial of the case; it does not shift, and, as I say, the burden of proof is upon the state to prove beyond a reasonable doubt the guilt of these defendants. So long as there is a reasonable doubt in your minds as to the guilt of these defendants, as soon as there is doubt, that doubt must be resolved in favor of the defendants."

The court is not bound to instruct the jury in the identical language of a request or to adopt the form or words or the collocation of phrases in which the request to charge is framed. *Gardner* v. *State*, 55 *N. J. L.* 25.

Fourteen and fifteen.—Refusal to charge requests numbers five and six. These requests also refer to reasonable doubt. They are disposed of by what was said under reasons numbers twelve and thirteen. *Gardner* v. *State*, 55 *N. J. L.* 31.

Sixteen and seventeen.—Refusal to charge requests numbers seven and eight. These requests also refer to reasonable doubt. They also are disposed of by what was said under reasons numbered twelve, thirteen, fourteen and fifteen.

Eighteen and twenty-four.—These reasons relate to the refusal of the trial court to charge request number nine, stat-

ing the rule as to character testimony. Citing the case of *Baker* v. *State*, 53 *N. J. L.* 45, and to the alleged incorrect charge of the court on this point, which forms the basis of the reason number twenty-four, to which an exception was noted. The court did charge: "Now, I charge you that testimony is legal testimony and is deserving of consideration by you the same as any other testimony that is produced here * * * and you are to consider the testimony along with the other testimony in weighing and determining the question of guilt of these defendants." This was sufficient under the testimony in the case. *State* v. *Randall*, 95 *Id.* 452.

Nineteen.—Refusal to charge request number ten, which refers to the testimony of witnesses called by the prosecutor, that the jury is entitled to credit or discredit such testimony according to the interest of such witness. The court was not bound to charge this request. It was not error. The court did charge after a clear summary of the facts: "You are to sift the testimony, consider it carefully, both on the part of the state and on the part of the defendants, and arrive at a conclusion as to who you will believe, the witnesses produced on the part of the state or the testimony of the witnesses produced on the part of the defendants." 16 *Corp. Jur.* 963, § 2354 (1.). This was sufficient.

Twenty and twenty-one are considered under number nine.

Twenty-two.—Refusal to charge request number thirteen, that the proofs do not conform to the indictments, and twenty-three, refusal to charge request number fifteen, that the defendants were guilty only of larceny as bailee. There was no proof in the case that would justify the court in charging these requests. It was not error.

Twenty-five.—Because judgment and sentence were given against the accused.

Twenty-six.—Because, upon the whole record, the defendants at the trial suffered manifest wrong and injury, which should be remedied. The case is before us on a writ of error and joinder in error. These reasons require no discussion. They are without legal merit.

The case was carefully tried, occupied three days. The charge of the trial court analyzed the testimony with clearness to the jury, stated with accuracy the legal principles to be applied by the jury in reaching a verdict. Our examination of the record leads us to the conclusion that the defendants had a fair trial; they were legally convicted. It is not out of place to say, in this case that, in addition to the existence of error in law, it must be shown that such error was or might have been prejudicial to the defense on the merits. *Lamble* v. *State,* 96 *N. J. L.* 235. There is no reversible error in the record. The judgments in each case should be affirmed. The judgments of the Gloucester County Court of Quarter Sessions are affirmed.